```
                IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MARYLAND
                                   :
FERNANDO R. STANFORD
                                   :
     v.                            :   Civil Action No. DKC 16-1355
                                   :
JIM HALLOWAY, et al.
                                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is the motion to dismiss filed by Defendants Jim Alloway, Frank Phillips, Sean O'Kane, Carolyn Daniel, Nathaniel Roque, Mike Diehl, Ron Fox, Dennis Vander Line, Laurie Coppola, Pedro Jimenez, Jr., Don Yelle, Mark Scarberry, Michelle Scarberry, Chris Thompson, and United Schutzhund Clubs of America (collectively, "Defendants").  (ECF No. 9).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

**I.   Background[1]**

Defendant United Schutzhund Clubs of America ("Schutzhund") is a non-profit organization related to German Shepherd dogs. (ECF No. 1 ¶¶ 5-7).  Plaintiff Fernando Stanford ("Plaintiff")

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

was a member of the local chapter of Schutzhund in New Windsor, Maryland. (*Id.* ¶¶ 6-7). In May 2015, Plaintiff's membership was terminated after he competed at the National Championship of the AKC German Shepherd Dog Club of America ("GSDCA"), a competing organization. (*Id.* ¶ 7). Defendant Sean O'Kane notified Plaintiff that Schutzhund had a policy prohibiting members from joining a competing organization in the United States. (*Id.*). After discovering Plaintiff's participation in the GSDCA competition, Defendants terminated his membership and refunded his dues. (*Id.*).

Plaintiff, proceeding *pro se*, filed this suit against Schutzhund and various members of its board of directors on May 5, 2016, alleging a violation of Title II of the Civil Rights Act of 1964, 42 U.S.C. § 2000a ("Title II"). (ECF No. 1 ¶ 1). Title II prohibits discrimination on the basis of race, color, religion, or national origin in places of public accommodation. 42 U.S.C. § 2000a(a). Plaintiff alleges that Defendants' purported reason for terminating his membership - violation of the policy on competing organizations - is a pretext for racial discrimination, and that his membership was actually terminated because of his Hispanic heritage. (ECF No. 1 ¶ 8). According to the complaint, there are at least five Caucasian members of Schutzhund who were also members of the GSDCA but whose memberships have not been terminated. (*Id.*). Defendants filed

the pending motion to dismiss on July 19. (ECF No. 9). Plaintiff responded (ECF No. 12), and Defendants replied (ECF No. 13).

## II. Standard of Review

The arguments Defendants raise in their motion implicate multiple standards of review. First, Defendants' argument that Plaintiff failed to exhaust administrative remedies is analyzed under Fed.R.Civ.P. 12(b)(1) because it could deprive this court of jurisdiction to hear Plaintiff's claims. *Jones v. Calvert Group, Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). Generally, "questions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'" *Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (quoting 2 James Moore, *et al.*, Moore's Federal Practice § 12.301 (3$^{d}$ ed. 1998)). The plaintiff always bears the burden of demonstrating that subject matter jurisdiction properly exists in federal court. *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Dismissal for lack of subject matter jurisdiction is appropriate "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* (citation omitted).

Second, Defendants argue that the complaint fails to state a plausible claim for relief under Fed.R.Civ.P. 12(b)(6). The

purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). At this stage, all well-pleaded allegations in the complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a

4

complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).

**III. Analysis**

Defendants first argue that Plaintiff's claim must be dismissed because he failed to allege that he has met the procedural prerequisites of § 2000a-3(c). (ECF No. 9-1, at 7-

5

8). A plaintiff bringing an action under Title II is not required to exhaust administrative remedies, *see* 42 U.S.C. § 2000a-6(a), but, in a state that has both laws prohibiting the alleged discriminatory conduct and state authorities that can provide relief from such conduct, "no civil action may be brought under [Title II] before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority," *id.* § 2000a-3(c). *See also Crumb v. McDonald's Corp.*, No. DKC-15-1719, 2016 WL 759213, at *8 (D.Md Feb. 26, 2016). Maryland law prohibits discrimination on the basis of race in public accommodations; therefore, Plaintiff was required to provide notice to the state authority, the Maryland Commission on Civil Rights ("MCCR"). *See* Md. Code, State Gov't §§ 20-304, 20-1004; *Barton v. Thompson*, No. HAR-95-2154, 1995 WL 860632, at *2 (D.Md. Nov. 28, 1995).

Plaintiff's complaint does not allege that he provided any such notice to MCCR. Plaintiff does not dispute that this allegation is missing from his complaint. In his opposition to the motion, however, he maintains that he did "contact the local office on discrimination only to be told there was nothing they could do." (ECF No. 12, at 3). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770

6

F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd. v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Therefore, "failure to plead the proper jurisdictional prerequisites in their Complaint is a sufficient basis to dismiss their Title II claim." *Barton*, 1995 WL 860632, at *2 (holding that a plaintiff who proved she had complied with § 2000a-3(c) by attaching a copy of her MCCR letter to her response in opposition had not met the jurisdictional requirements because it was not attached to her complaint).

Even if Plaintiff were able to amend his complaint to cure the jurisdictional defects, however, he has failed to state a claim upon which relief can be granted. Title II only applies to a "place" of public accommodation. *See* 42 U.S.C. 2000a. An entity only qualifies as a "place" of public accommodation under the statute if it fits into certain enumerated categories. *See* 42 U.S.C. 2000a(b). Plaintiff attempts to apply Title II to Schutzhund under the provision for "any motion picture house, theater, concert hall, sports arena, stadium or other place of exhibition or entertainment." (ECF No. 1 ¶ 9; *see* 42 U.S.C. § 2000a(b)(3)). Although Title II refers to "establishments,"

7

Plaintiff contends that Schutzhund qualifies as a public accommodation because "they hold events that are open to the public and for the entertainment of the public." (ECF No. 1 ¶ 9).

Courts have emphasized that typically "'places of public accommodation' are limited to actual, physical places and structures." *Noah v. AOL Time Warner, Inc.*, 261 F.Supp.2d 532, 541 (E.D.Va. 2003), *aff'd* No. 03-1770, 2004 WL 602711, at *1 (4th Cir. 2004). In claims against membership organizations like Schutzhund, courts have focused on whether the organization was "closely connected to a particular facility." *Welsh v. Boys Scouts of America*, 993 F.2d 1267, 1269 (7th Cir. 1993); *see also Staley v. Nat'l Capital Area Council, Boy Scouts of America*, No. RWT-10-2768, 2011 WL 2416724, at *9-10 (D.Md. June 9, 2011) (applying *Welsh* to the public accommodations provisions of the Americans with Disabilities Act and emphasizing that a membership organization can only become a place of public accommodation "*to the extent that it operates or leases* a place of public accommodation"). Therefore, Title II only applies to organizations "when entry into a facility open to the public is depend[ent] on membership in the organization governing the facility." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994) (citing *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969)). Plaintiff has not alleged that Schutzhund

owned, leased, operated or was otherwise "closely connected" with any facility. Indeed, neither the complaint nor Plaintiff's response in opposition include any reference to any physical space. Accordingly, his pleading fails to state a claim under Title II upon which relief could be granted.

In this instance, there is no reason to permit leave to amend. Not only has Plaintiff failed to suggest that Defendants maintained any physical place themselves, but he also refers to events being open to the public and does not contend that membership in the club is a prerequisite to attendance. Therefore, leave to amend will be denied.

## IV. Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge
